## Lavainnie Twitty v. The State.

No. 8909. Delivered January 7, 1925.

Rehearing denied, February 18, 1925.

1.—Murder—Witness—Cross-examination of Appellant.

On cross-examination of appellant the state was permitted to propound questions which sought to elicit the fact that appellant did not like to live in Texas, but preferred to go back to Arizona. All of these questions were answered in the negative, and we see no error in permitting the questions.

2.—Same—Argument of Counsel—Proper When Supported by Evidence.

The statement in argument by the District attorney in which he charged that "This negro (meaning the defendant) deserting the army at pleasure to visit the wench of his choice," and the further reference to the accused to say "To serve his country and his flag, and then to forget it to visit some negro wench." These remarks were legitimate references to the facts in evidence, and no error was committed.

3.—Same—Witness—Tendering Accomplice to Appellant—Not Error.

It appears that the state tendered to the defense for use as a witness, the woman who accompanied appellant at the time of the homicide. There is nothing in the record, showing that she was indicted for the murder. Even if so indicted and the state had tendered her as a witness to the appellant, we do not believe that he could have any claim of injury on such tender. When tendered by the state as a witness this operated as a waiver of the

state's right to object to the use as a witness of a codefendant. The Court on motion of appellant also gave the jury a written instruction to disregard the tender of the witness. We do not believe any error was shown.

ON REHEARING.

4.—Same—Witness—Cross-Examination of Appellant—Held, Proper.

Appellant insists that it was error for the state on cross-examination to ask appellant if he wanted to leave Texas, because of its laws segregating the whites from the blacks, as calculated to prejudice the minds of the jury against him. The question asked was for the purpose of showing the motive or purpose for which he committed the murder, and the question is held under all of the facts developed, to have been proper.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Grover C. Adams, Special Judge.

Appeal from a conviction of murder, penalty fixed at death.

The opinion states the case.

*E. Crippen* and *George E. Hughes,* of Dallas, for appellant.

*Shelby S. Cox,* District Attorney, Dallas, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the criminal District Court of Dallas County of murder, and his punishment fixed at death.

From the statement of facts it clearly appears that appellant, who is a negro, with a negro woman, purposing to use the car of deceased to go from Texas to California, or Arizona, got into a service car in Dallas and when the driver took them to the place indicated, appellant killed the driver by repeated blows with a hatchet, threw the body into a gravel pit and with the said woman started on their journey to El Paso. Finding the car so covered with blood as to be likely to attract attention and cause their arrest and detection of their crime, appellant and the woman abandoned the car. They appear to have attempted to continue their journey on foot but stopped at a camp in Palo Pinto county, where appellant was arrested. After his arrest and under formalities prescribed by law, appellant made a written confession which was introduced against him.

The trial court appointed attorneys to represent appellant, but as far as we can ascertain from the record he received at their hands every care and attention which could have been accorded him had he been represented by counsel of his own employment.

There is a bill of exceptions complaining of certain questions propounded by the district attorney to appellant while a witness in his own behalf. In view of the fact that it is unquestioned that

appellant had no personal animosity against deceased and that the theory of the State was that the homicide had for its purpose and motive the securing of a car with which to leave Texas and go to Arizona or California, we see no impropriety in the questions propounded which had for their purpose the eliciting of the fact that appellant did not like to live in Texas for various reasons, but preferred to go back to Arizona.

It is made to appear by the qualification of the trial judge that to each of the questions mentioned, appellant returned a negative answer.

There is also an exception to the statement in argument by the district attorney in which he charged that "This negro (meaning the defendant) deserting the army at his pleasure to visit the wench of his choice." It being in evidence that appellant had left the army after enlisting, for the purpose of visiting and staying with a negro woman in Dallas, we perceive no departure from permissible argument in the above. Insistence is made in the able brief of appellant's counsel that he was only absent without leave until his absence had reached a certain extent after which he would be classed as a deserter, and that the word "deserted" in the statement of the prosecuting attorney imputed to him a crime of which he was not then guilty. We regret that we can not agree with the fine distinction thus drawn to the extent of holding the argument unsupported by the evidence and hurtful. In every-day parlance the man who had turned his back upon his post of duty and left it would be held to have deserted it, even though in strict military or legal language this would not amount to a desertion. We are unable to believe that the jury viewed this argument as imputing to appellant a graver crime than the mere leaving of his post of duty, which fact is not controverted. Nor do we believe it objectionable argument to say of the accused: "To serve his country and his flag, and then forget it to visit some negro wench." There was no question under the testimony but that appellant had served his country in the army and that he had left the army because of the attractions of a negro woman in Dallas.

It appears that the State tendered to the defense for use as a witness the woman who accompanied appellant at the time of the homicide. Appellant asked a special charge that the jury be instructed that under the law the defense had no right to call said woman as a witness because she was an accomplice and that the State only had the right to call her as such witness. We do not find any statement in this bill of exceptions or elsewhere in the record from which we could infer that the woman was indicted. It may be possible that she was, but it does not so appear. Even if so indicated and the State had tendered her as a witness to the appellant, the most he could have done would have been to refuse to use her,

but we do not believe he could base any claimed injury from such tender upon the proposition that he could not use her as a witness even though tendered to him by the State.

Our review of this record does not lead us to believe same to present any error which should call for a reversal of the case. The facts present a case where human life was taken without any excusing or justifying situation and under such circumstances as impel us to uphold assessing the death penalty.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There are four bills of exception in the record, each of which was adverted to and discussed in the original opinion as much as we deemed sufficient. Appellant had pleaded guilty, and the State, under instructions of our statute, introduced evidence. For some reason appellant took the stand himself. He had made a confession in which he had stated that his purpose in the homicide was to obtain the car of deceased with which he and his confederate might leave the State and go to another state. It would seem clear that the State might ask him questions tending to show any motive that the State thought it could put before the jury. Appellant seriously contends that the questions asked him by the State's attorney to the effect that he wanted to leave Texas because of its laws segregating the whites from the blacks, were such as would be calculated to inflame the minds of the jury against him. We can not agree with this contention. The State asked appellant if he had not said to the woman who was present in the car at the time he committed the murder, that he wanted to leave Texas because its laws segregated the whites from the negroes and he did not like it. If this was the purpose, or entered into the purpose, for which he committed the murder, it would be proper to prove it. It is not shown that the State's attorney did not expect to obtain an affirmative answer to this question.

It is urged with much force that the tender to him of his confederate as a witness by the State, was calculated to injure him. We are not able to bring ourselves in accord with this position. Granting that she was under indictment as a principal or an accomplice with him in this murder, it would then follow that he could not introduce her as a witness in his behalf over objection. Our interpretation of such tender of the woman by the State to appellant, under these circumstances, would be that the State was thus indicating its waiver of its right to object to her testimony if appellant desired to use her. The record discloses that when the woman was tendered to appellant, he objected to the action of the

State's attorney and the court sustained his objection and instructed the jury not to consider the statement of the district attorney tendering the witness. It is shown that appellant asked the court to give the jury a written instruction not to consider said tender, which was also given. We do not believe any error is shown, and the motion for rehearing will be overruled.

*Overruled.*